IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BALDOMERO GONZALEZ-RAMIREZ,
No. 33445-280,

        Petitioner,

  vs.                                        Case No. 14-cv-00143-DRH

JAMES N. CROSS,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Baldomero Gonzalez-Ramirez pleaded guilty to conspiracy to distribute cocaine (21 U.S.C. §§ 841, 846), and a firearms offense (26 U.S.C. § 5881), and is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, serving a 300-month sentence. *United States v. Gonzalez-Ramirez*, No. 09-cr-1267-FM (W.D. Tex. Nov. 20, 2010). On February 10, 2014, Gonzalez-Ramirez filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that his First Amendment right to access the courts was denied when his petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence was denied without an evidentiary hearing. *United States of America v. Ramirez-Gonzalez*, No. 11-cv-452 (W.D. Tex. May 17, 2013) (Doc. 441 in the criminal case). He seeks reinstatement and/or reconsideration of his Section 2255 motion, complete with an evidentiary hearing as prescribed in

Section 2255(b).  Petitioner does not otherwise attack his conviction, sentence, or the duration of his confinement.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

### Discussion

In November 2011, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, claiming ineffective assistance of counsel (09-cr-1267-FM, Doc. 380).  More specifically, petitioner contended his attorney should have attempted to suppress wiretap evidence, challenged a protective order, fully informed petitioner before the plea, and challenged the sentencing calculation.

The district court denied petitioner's motion for discovery (09-cr-1267-FM, Doc. 383), and, based on the parties' briefs, dismissed the Section 2255 motion without a hearing (09-cr-1267-FM, Doc. 441 (sealed order)).  Although the district court's order is sealed, the docket reflects that a certificate of appealability was denied.  There is no indication in the district court file that petitioner attempted

to appeal the denial of that order. Petitioner's subsequent motion to "amend" or to file a second Section 2255 motion was denied (09-cr-1267-FM, Doc. 448).

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking the district court's denial of his Section 2255 petition without affording him a hearing.

**Section 2241 as an Avenue for Relief**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Petitioner does not attack the duration of his confinement, *per se*. Therefore, Section 2241 does not readily appear to be the appropriate avenue for relief. In effect, petitioner is attempting to use this court to allow him to reopen the Section 2255 case in the Western District of Texas, and/or present a successive, redundant Section 2255 petition attacking his conviction and sentence, skirting the requirements for bringing a successive petition (*see* Section 2255(h), (e)), and ignoring the Seventh Circuit's most recent ruling.

Normally, this Section 2241 would be dismissed out of hand. However, in *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000), the Seventh

Circuit cautioned: "a district court presented with a petition for a writ of habeas corpus under [Section] 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under [Section] 2255 also cannot proceed under [Section] 2241." In addition, in *Alaimalo v. United States*, 645 F.3d 1042 (9th Cir. 2011), the Court of Appeals for the Ninth Circuit reasoned that, under the gateway offered in Section 2255(e), Section 2241 can be utilized where a petition purportedly brought under Section 2241 is merely a "disguised" Section 2255 motion, and the petitioner has not secured a certificate of appealability (which is the scenario Ramierez-Gonzalez presents), *if* the petitioner claims actual innocence *and* "'has not had an unobstructed procedural shot at presenting that claim.'" *Id*. at 1047 (quoting *Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir. 2006)).

Petitioner seems to be arguing that he did not have an unobstructed opportunity to argue his Section 2255 petition. Therefore, the Court will provide what is probably far more analysis than this petition warrants.

### The Merits of the Section 2241 Petition

As mentioned above, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him, as petitioner has demonstrated. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). The statute generally limits a prisoner to *one* challenge of his conviction and sentence under

Section 2255, as the district court explained when it denied leave to file an "amended" petition. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Petitioner was denied a certificate by the district court, and there is no indication that he sought a certificate from the Fifth Circuit.

The Seventh Circuit (in which this district court is located) has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998)

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he

must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios,* 696 F3d 638, 640 (7th Cir. 2012).

Petitioner does not rely on a new statutory interpretation case; he does not even rely upon a new constitutional case. Petitioner also fails to assert that there was a fundamental defect in his conviction and sentence, although that is certainly his ultimate goal. Petitioner only argues—at most—that Section 2255 has proved to be an ineffective remedy because he was denied a hearing.

"A [Section] 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief. A hearing, though, is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)) (other internal citations omitted). Although this Court is not privy to the specifics of the order denying petitioner's Section 2255 motion, petitioner does not take issue with the district court's decision. Rather, he relies entirely upon the assertion that he *must* be afforded a hearing under the First Amendment. Therefore, Gonzalez-Ramirez's Section 2241 petition fails on its merits.

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** on the merits, with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED.R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir.2000).

**IT IS SO ORDERED.**

**Signed this 3rd day of March, 2014.**

Digitally signed by David R. Herndon
Date: 2014.03.03 16:49:52 -06'00'

**Chief Judge**
**United States District Court**